

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| VECENTIE MORALES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:06-CV-561-A |
| | § | |
| JOHN R. BOYD, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of defendants, Comanche County, Texas ("Comanche"); Palo Pinto County, Texas ("Palo"); Texas; John R. Boyd, individually and in his official capacity as the Sheriff of the Comanche County Texas Sheriff's Department ("Boyd"); Jeff Lambert, individually and in his official capacity as the Chief Deputy of the Comanche County Texas Sheriff's Department ("Lambert"); Bobby Walton, individually and in his official capacity as the Lead Investigator for the Palo Pinto County Texas Sheriff's Department ("Walton"); Ira Mercer, individually and in his official capacity as the District Attorney's Investigator for the Palo Pinto County Texas District Attorney's Office ("Mercer"); Bill C. Cooper, individually and in

1

his official capacity as a Sergeant for the Texas Department of Public Safety ("Cooper")[1], for summary judgment on all claims and causes of action asserted by plaintiff, Vecentie Morales, in the above-captioned action. Having considered defendants' motion, plaintiff's response, and the applicable legal authorities, the court concludes that defendants' motion should be granted for the reasons stated below.

On August 12, 2006 plaintiff filed his original complaint in the above-captioned action alleging claims against defendants pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988. Plaintiff's complaint appears to assert that defendants violated his constitutional rights under the Texas Constitution, as well as the Fourth and Fourteenth Amendments to the United States Constitution, by engaging in an unlawful search and seizure of his property.

---

[1] The court notes that because plaintiff named Boyd, Lambert, Walton and Mercer in their official capacities, those are actually claims against the counties that employ the officials, namely, Comanche County, Texas, and Palo Pinto County, Texas. See Rhyne v. Henderson County, 973 F.2d 386, 392 (5th Cir. 1992). Further, plaintiff's claims against Cooper in his official capacity are actually claims against the state of Texas. See Will v. Michgan Dept. of State Police, 491 U.S. 58, 71 (1989). Further, for purposes of this order, the court will at times refer to Boyd, Lambert, Walton, Mercer, and Cooper as the "individual defendants".

I.

Facts

The following facts are undisputed in the summary judgment record:

On June 21, 2002, plaintiff was arrested in Palo Pinto County, Texas and taken into custody. Plaintiff was charged with felony theft and aggravated assault on a public servant. Mercer interviewed plaintiff in custody and plaintiff told him that he was living on property located in Comanche County, Texas. The property where plaintiff lived at the time of his arrest was located on a ranch owned by Kory Pounds ("Kory") and his wife Jennifer Pounds.

Mercer contacted Kory on or about June 24, 2005, and asked for permission to come and inspect the property for stolen goods. Approximately one day later Mercer and another officer went to Kory's property to conduct the search. Kory told the officers that he owned the property, that he shared access to the trailer where plaintiff lived, and that he had the ability to give consent for them to search the trailer and the rest of his property. Kory then gave the officers permission to conduct the search and was present during the search. The officers seized

items which they suspected, or had determined, were stolen. Kory assisted the officers in loading the seized property to be taken away. On that same day, another Comanche County officer came to the ranch and Kory gave him permission to leave a written inventory of all the property the officers had seized earlier in the day. Approximately two or three days after the property was seized, plaintiff called Kory from the jail where he was in custody. Kory informed plaintiff about the search and seizure of the property.

II.

Analysis

Qualified immunity insulates a government official from civil-damages liability when the official's actions do not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In analyzing whether an individual defendant is entitled to qualified immunity, the court considers whether plaintiff has alleged any violation of a clearly established right, and, if so, whether the individual defendant's conduct was objectively reasonable. Siegert v.

Gilley, 500 U.S. 226, 231 (1991); Duckett v. City of Cedar Park, 950 F.2d 272, 276-80 (5th Cir. 1992).

"Valid consent to a search is a well-established exception to the normal requirement that law enforcement officers must have a warrant grounded in probable cause before conducting a search." United States v. Shelton, 337 F.3d 529, 532 (5th Cir. 2003) (citing Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973)). To justify a warrantless search based on consent received from a third party, the government must proved that the third party had actual or apparent authority to consent. United States v. Gonzales, 121 F.3d 928, 938 (5th Cir. 1997). "To establish that a third party had actual authority to consent, the government must demonstrate mutual use of the property by persons generally having joint access or control for most purposes." Id. To show apparent authority to consent, the government "need demonstrate only that the officers reasonably believed that the third party was authorized to consent." Id.

Here, the summary judgment evidence adduced by defendants and plaintiff raises no genuine issue of material fact as to defendants' obtainment of proper consent, both actual and apparent, prior to searching plaintiff's property. Kory gave the

5

officers permission to search his property which he was allowing plaintiff to live on. Plaintiff was living in Kory's trailer which was furnished with Kory's belongings and for which plaintiff was not paying rent. Kory stated in his sworn affidavit that

> The trailer house on my property where Mr. Morales resided was completely furnished with my belongings. Additionally, during the entire time Mr. Morales resided in my trailer house we had the mutual understanding that I could enter at any time and it was understood and agreed that I had unlimited and unrestricted access to the trailer for all purposes. In fact, I did enter the trailer unannounced and without obtaining prior consent from Mr. Morales on several occasions during the time that Mr. Morales stayed there. Therefore, there never was an expectation that Mr. Morales had exclusive possessory rights in the premises or any expectation of privacy while he was staying on my property.

App. Def.'s Mot. Summ. J. 43. These facts, taken together with the summary judgment record, establish that the officers had actual authority to search the property.

Moreover, even if the court were to find that there were issues of fact as to whether Kory had actual authority to give the officers permission to search the property, Kory had apparent authority. Specifically, Kory owned the property that the officers wanted to search, he owned the trailer plaintiff lived in and the furnishings inside it, plaintiff was not paying rent

6

to Kory to live there, Kory told the officers that he had access to the trailer at all times, and he represented to the officers that he had authority to consent to the search. App. Def.'s Mot. Summ. J. 43. The summary judgment record, and specifically those in Kory's affidavit, establish that it was objectively reasonable for the officers to believe that Kory had authority to consent. Gonzales, 121 F.3d at 938.

Defendants obtained proper consent to conduct a search of plaintiff's property. Accordingly, because defendants' search and seizure of plaintiff's property did not violate any of his state or federal constitutional rights they are entitled to qualified immunity and summary judgment should be granted in their favor. Further, plaintiff has not alleged any specific factual allegations against Comanche, Palo Pinto, or Texas. In suing the individual defendants in their official capacity as well, plaintiff was asserting that the entities they were employed by, Comanche, Palo Pinto, and Texas, somehow ratified or participated in the alleged constitutional violations. However, because the individual defendants are entitled to qualified immunity and summary judgment, Comanche, Palo Pinto, and Texas

are entitled to summary judgment. See <u>Correa v. Fischer</u>, 982 F.2d 931, 936 (5th Cir. 1993).

III.

Order

For the reasons discussed above, the court concludes that defendants' motion for summary judgment should be granted. Therefore,

The court ORDERS that all of plaintiff's claims and causes of action asserted against defendants be, and are hereby, dismissed with prejudice.

SIGNED November 21, 2007.

JOHN McBRYDE
United States District Judge